UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

JOSE F. REYNOSO PEREZ, individually and
in behalf of all other persons similarly situated,

Plaintiff,

–against–

19 CV 9149

138-SHARP REALTY LLC,

Defendant.

## CLASS ACTION COMPLAINT AND JURY DEMAND

1.      The plaintiff, in behalf of other similarly situated current and former employees of the defendant who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), alleges that the defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendant is liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation, and such other relief available by law.

2.      The plaintiff further alleges, on behalf of themselves and a class, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendant violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendant is liable to the plaintiff and class for unpaid or underpaid (1) minimum wages and (2) overtime compensation, and such other relief available by law.

3.      The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendant violated the same, N.Y. Lab. Law § 195(1)–(3), and that the plaintiff should be awarded of the defendant statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4.      Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5.      Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7.      The plaintiff Jose F. Reynoso Perez is and was at all relevant times an adult residing in Bronx County, New York.

8.      The defendant 138-Sharp Realty LLC is and was at all relevant times a New York limited liability company with its office in Kings County.

## COLLECTIVE ACTION ALLEGATIONS

9.      Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendant at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

10.      The plaintiff and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendant's common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the putative party plaintiffs.

## CLASS ACTION ALLEGATIONS

11.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the plaintiff seeks to prosecute the plaintiff's claims as a class action in behalf of a class consisting of all current and former employees who are or were formerly employed, within the meaning of the New York Labor Law, by the defendants in the state of New York at any time since six years prior to the date of the complaint to the entry of judgment in this case and to whom the defendants (1) failed to pay proper minimum wages, (2) failed to pay or underpaid overtime compensation at a rate not less than one and one-half times the plaintiff's and class's regular rate of pay for the hours the plaintiff and class worked in excess of forty per workweek, (3) failed to furnish a notice and acknowledgment at the time of hiring, and (4) failed to furnish accurate statements with each payment of wages.

12.     This class is so numerous that joinder of all class members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the defendants, upon information and belief, there are approximately at least seventy members of the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

13.     The plaintiff will fairly and adequately protect the interests of the class and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. The plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

14.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the

collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

15.    Questions of law and fact common to the class predominate over questions that may affect only individual members because the defendants have acted on grounds generally applicable to the class. Among the common questions of law and fact common to the class are: (1) whether the defendant employed the class within the meaning of the New York Labor Law; (2) what proof of hours worked is sufficient where the employer fails in its duty to maintain time records; (3) whether the defendants failed to pay minimum wages, (4) whether the defendants failed to pay or underpaid overtime compensation at a rate not less than one and one-half times the plaintiff's and class's regular rate of pay for the hours the plaintiff and class worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4; (5) whether the defendants furnished a notice and acknowledgment at the time of hiring; (6) whether the defendants provided accurate weekly wage statements with the payment of wages each week; and (7) whether the defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorney's fees.

## STATEMENT OF FACTS

16.    At all relevant times, the defendant's business is a real estate management company doing business as 138-Sharp Realty LLC and located at 2365 Nostrand Ave, Fl 2, Brooklyn NY 11210.

17.    The defendant employed the plaintiff approximately from August 2014 until April 2019.

18.      The defendant employed the plaintiff as a porter at their buildings located at East 138th and 139th Streets, Bronx, New York.

19.      The plaintiff worked for the defendant approximately between twenty-seven and fifty-nine hours per week.

20.      The defendant paid the plaintiff approximately between $8.14 and $15.00 per hour.

21.      The defendant paid the plaintiff no wages for approximately three hours of work that the plaintiff performed for the defendant each weekend.

22.      The defendant paid the plaintiff by check.

23.      The defendant willfully failed to pay the plaintiff, class, and party plaintiffs the applicable minimum wage.

24.      The plaintiff, class, and party plaintiffs worked more than forty hours in many workweeks, yet the defendant willfully failed to pay the plaintiff, class, and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

25.      The defendant failed to provide the plaintiff and class with a notice and acknowledgment at the time of hiring.

26.      The defendant failed to provide the plaintiff and class with a proper and accurate statement with each payment of wages.

27.      Upon information and belief, while the defendant employed the plaintiff, class, and party plaintiffs, the defendant failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiff and party plaintiffs were uninformed of their rights during such times.

28.      Upon information and belief, while the defendant employed the plaintiff, class, and party plaintiffs, the defendant failed to maintain accurate and sufficient records.

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

29.     The plaintiff, on behalf of the plaintiff and party plaintiffs, realleges and incorporates by reference paragraphs 1 through 28 as if they were set forth again herein.

30.     At all relevant times, the defendant, an employer, employed the plaintiff and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

31.     The business activities of the defendant are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

32.     The enterprise of the defendant employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(i).

33.     Upon information and belief, at all relevant times, the enterprise of the defendant has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(ii).

34.     Therefore, upon information and belief, at all relevant times, the plaintiff and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A).

35.     The defendant in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs at

a rate not less than one and one-half times the regular rate of pay for work performed more than forty hours in a workweek.

36.     By 29 U.S.C. § 216(b), the defendant is liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation.

37.     The defendant failed to post notices of the defendant's employees' rights under the law, required by 29 C.F.R. § 516.4.

38.     Because of the defendant's failure to post notices of the defendant's employees' rights under the law, the plaintiff and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendant failed to post such notices.

39.     The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act, within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

40.     The plaintiff and party plaintiffs are further entitled to recover of the defendant an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
### MINIMUM WAGE ACT

41.     The plaintiff, on behalf of himself and the class, realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

42.     At all relevant times, the defendant, an employer, employed the plaintiff and class, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.2.

43.     From December 31, 2013, to December 30, 2014, the applicable minimum wage was $8.00 per hour; from December 31, 2014, to December 30, 2015, $8.75; from December 31, 2015, to December 30, 2016, $9.00; from December 31, 2016, to December 30, 2017, $11.00; from December 31, 2017, to December 30, 2018, $13.00; and from December 31, 2018, through the

present, $15.00, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.3.

44.    The defendant violated the plaintiff's and class's rights by failing to pay or underpaying the plaintiff and class the required minimum wage, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.3.

45.    The defendant violated the plaintiff's and class's rights by failing to pay or underpaying the plaintiff's and class's overtime compensation at a rate not less than one and one-half times the plaintiff's regular rate of pay for the hours the plaintiff worked more than forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4.

46.    The defendant's failure to pay the plaintiff and class the foregoing timely is a violation of section 191 of the New York Labor Law.

47.    By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendant is liable to the plaintiff and class for unpaid or underpaid (1) minimum wages, and (2) overtime compensation.

48.    The plaintiff and class are further entitled to recover of the defendant liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

49.    The defendant failed to post notices of the defendant's employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.3.

50.    Because of the defendant's failure to post notices of the defendant's employees' rights under the law, the plaintiff and class are entitled to the equitable tolling of the plaintiff's and class's claims during the time that the defendant failed to post such notices.

**THIRD CLAIM FOR RELIEF:**
**WAGE THEFT PREVENTION ACT**

51.     The plaintiff, on behalf of himself and the class, realleges and incorporates by reference paragraphs 1 through 50 as if they were set forth again herein.

52.     The defendant failed to furnish to the plaintiff and class, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

53.     Due to the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiff and class should be awarded of the defendant statutory damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, until February 26, 2015, and statutory damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-b).

54.     The defendant failed to furnish to the plaintiff and class with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law §

195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.2.

55.    Due to the defendants violation of the Wage Theft Prevention Act, N.Y. Lab. Law

§ 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.2, the plaintiff and class should be

awarded of the defendant statutory damages of $100.00 per workweek that the violation occurred,

up to a maximum of $2,500.00, until February 26, 2015, and statutory damages of $250.00 per

workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y.

Lab. Law § 198(1-d).

56.    Further, the defendant, including the defendant's officers, agents, employees, and

those persons in active concert or participation with the defendant, should be permanently enjoined

from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law

§ 198(1-b)–(1-d).

### FOURTH CLAIM FOR RELIEF:
### DECLARATORY RELIEF

57.    The plaintiff, on beahlf of himself, party plaintiffs, and the class, realleges and

incorporates by reference paragraphs 1 through 56 as if they were set forth again herein.

58.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of

the Federal Rules of Civil Procedure, the plaintiff may obtain declaratory relief.

59.    The defendant violated the Fair Labor Standards Act, Minimum Wage Act, section

191 of the New York Labor Law, and the Wage Theft Prevention Act.

60.    It is in the public interest to have these declarations of rights recorded.

61.    A declaratory judgment serves the useful purpose of clarifying and settling the legal

issues in this action.

62.    A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

63.    Wherefore, the plaintiff, on behalf of the plaintiff, class, and party plaintiffs, prays this Court grant as relief:

a.    designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiffs' attorneys to represent the party plaintiffs;

b.    determination that this action may proceed and be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.    a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

d.    an award of unpaid or underpaid overtime compensation, due under the Fair Labor Standards Act;

e.    an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

f.    an award of unpaid or underpaid (1) minimum wages, and (2) overtime compensation, due under the Minimum Wage Act and section 191 of the New York Labor Law;

g.    an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

h.    an award of statutory damages for the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

i.    a permanent injunction restraining the defendant, including the defendant's officers, agents, employees, and those persons in active concert or participation with the defendant, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

j.    if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

k.    an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

l.    an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

m.    an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

n.    such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of the plaintiff and party plaintiffs, demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
John M. Gurrieri
jmgurrieri@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Dated: New York, New York          Facsimile: (212) 229-2246
        October 2, 2019            **ATTORNEYS FOR PLAINTIFF**

13