LAW OFFICE OF

# JUSTIN A. ZELLER, P.C.

JUSTIN A. ZELLER
JAZELLER@ZELLERLEGAL.COM

JOHN M. GURRIERI
JMGURRIERI@ZELLERLEGAL.COM

TELEPHONE: 212.229.2249
FACSIMILE: 212.229.2246

March 3, 2020

**VIA ECF**

Hon. Andrew L. Carter, Jr., United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse

Re: *Reynoso Perez et al v. 138-Sharp Realty LLC*, 19 CV 9149 (ALC)

Dear Judge Carter:

The undersigned represents the plaintiff, Jose Reynoso Perez ("Plaintiff), in the above-referenced action.  I write on behalf of both parties to the action to request that the Court approve the parties' proposed settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015), and that the Court dismiss the action with prejudice.

## Background

Plaintiff commenced this action on October 2, 2019, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, Section 191 of the New York Labor Law, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. Plaintiff claims that while he was employed by defendant, 138-Sharp Realty, LLC ("Defendant"), as a porter in a residential building from approximately August 2014 until April 5, 2019, he was not paid for work he performed on weekends.  He claims he is owed $12,995.15 for unpaid wages, $12,995.15 for liquidated damages, $5,000.00 for failure to provide a wage notice and $5,000.00 for failure to provide accurate weekly pay stubs.

Defendant has produced substantial payroll records and maintains that Plaintiff was paid for every hour worked, including hours worked on weekends.  Plaintiff would face a significant burden overcoming the information in Defendant's records.

## The Settlement Agreement

The Court referred this matter to mediation and a mediation session was held on January 7, 2019 before Evan J. Spelfogel, Esq.  The parties agreed to a final settlement agreement (the "Settlement Agreement") thereafter.  The Settlement Agreement provides that Plaintiff will release Defendant from all claims made in the complaint in exchange for $20,000.00.  Plaintiff will receive $12,933.34 of the $20,000.00 settlement amount and Plaintiff's attorneys will receive the remaining $7,066.66.

The parties represent to the Court that the Settlement Agreement is fair to Plaintiff, reasonably resolves bona fide disagreements between Plaintiff and Defendant about the merits of Plaintiff's claims, and demonstrates a good faith intention by both parties to fully and finally

resolve such claims and to avoid relitigation of those claims in the future.  In addition, the parties believe the Settlement Agreement is fair because it satisfies all the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2015).

The first *Wolinsky* factor examines "the plaintiff's range of possible recovery." *Id.* Here, Plaintiff is recovering nearly every penny of the wages he claims he is owed and the Settlement Agreement is therefore fair and reasonable.

The second *Wolinsky* factor examines "the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses.'" *Id.* Settling the parties' claims at this point will avoid continuing litigation costs for both parties. Had this action not settled, Plaintiff would have, among other things, moved for conditional certification of a collective action and a class action, and both parties would have had to undergo extensive discovery and, eventually, a trial.

The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by the parties." *Id.* Both parties face the inherent risks and expenses in continuing litigation.  Plaintiff faces significant risk in this case because it would be difficult for Plaintiff to find witnesses to corroborate his claim in the face of Defendants' substantial payroll records showing Plaintiff was paid for all hours worked.

The fourth *Wolinsky* factor examines "whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel.'" *Id.* The Settlement Agreement in this case was reached through arms-length negotiations between the parties and their counsel at a Court-ordered mediation session. Plaintiff was represented by the Law Office of Justin A. Zeller, P.C., which specializes in representing employees in wage and hour litigation and which has represented plaintiffs in over 300 such actions in the Southern District of New York alone, as well as in many other actions in the Eastern District of New York, the District of New Jersey, and in the courts of the State of New York.  Defendant's counsel in this case is Meltzer, Lippe, Goldstein & Breitstone, LLP, which has substantial experience representing corporations in wage and hour matters in federal litigation.

The fifth *Wolinsky* factor examines "possibility of fraud or collusion." *Id.* There is no fraud or collusion between the parties to circumvent the wage and hour laws. The Settlement Agreement was reached via arms-length negotiations between opposing counsel and a mediator.

Lastly, the Court must consider evidence of any factors weighing against approval. There are no additional party plaintiffs in this action and the Settlement Agreement will not affect the rights of any putative party plaintiff to commence his or her own action. Neither a class nor a collective was ever certified and the Settlement Agreement affects only the Plaintiff.

### Attorney's Fees

The Settlement Agreement also resolves Plaintiff's attorney's fees and costs. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, Section 191 of the New York Labor Law, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. These laws, in combination, provide to a prevailing party in a civil action an award of attorney's fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1)–(2), 663(1);

*see also Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012). This award is mandatory. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989); see also *Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors). But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Plaintiff is represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm specializing in wage and hour litigation and incorporated in 2005. The sole shareholder of the law firm is Justin A. Zeller, an attorney who graduated law school in 2002 and has specialized in wage and hour law since 2005. Associated with the law firm was Brandon D. Sherr, who graduated law school in 2010, who was associated with this law firm until June 2019, and John M. Gurrieri who graduated law school in 2013, and was associated with the law firm from February 2014 until July 2017 and again since July 2019, also associated with the law firm when he billed hours was Michael Levy who was a law school graduate.

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23–24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28–30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Mr. Sherr's reasonable hourly rate has been considered four times by this Court and Mr. Sherr was found to be entitled to rates of $300 in 2015 and 2016, and $200 and $250 per hour in 2013. *See Carvente-Avila v. Chaya Mushkah Rest. Corp.*, No. 12 CV 5359, slip op. at 6 (S.D.N.Y. May 10, 2016); *Patterson v. Copia NYC LLC*, No. 15 CV 2327, slip op. at 15–16 (S.D.N.Y. Dec. 29, 2015); *Maldonado*, 2013 U.S. Dist. LEXIS 70815, at *12; *Palacios v. Z & G Distribs., Inc.*, No. 11 CV 2538, 2013 U.S. Dist. LEXIS 112676, at *18 (S.D.N.Y. Aug. 6, 2013).

Mr. Gurrieri's reasonable hourly rate has been considered and he was found to be entitled to a rate of $225 in 2018, $250 and $225 per hour in 2017; and $250 per hour in 2015. *See Alvarez*, slip op.; *Gonzalez-Diaz*, 2017 U.S. Dist. LEXIS 185397, at *14; *Duran*, 2017 U.S. Dist. LEXIS 82249, at *20; *Patterson,* slip op. at 15–16.

Michael Levy's hourly rate has never been considered.

Certain of the *Johnson* factors are applicable in consideration of the reasonable hourly rate, specifically the customary fee, whether the fee is fixed or contingent, and the undesirability of the case. Plaintiff has entered a contingent fee agreement with this firm. The agreement provides a backup hourly rate of $425 for work performed by Mr. Zeller, and $350 per hour for work performed by associates. It is the experience of this firm that wage and hour cases have a substantial risk that, even if ending in a judgment, the judgment will be uncollectable or very difficult to collect. Violations of the wage and hour laws also frequently indicate financial distress or insolvency. Law firms that represent employees in such cases on a contingent fee basis may never recover their attorney's fees or costs. The market rate for legal services for such clients is therefore higher because of these risks. Accordingly, the reasonable hourly rate should be adjusted to reflect the contingent fee, the customary rate, and to compensate for the risk inherent in taking this case.

Plaintiff would have requested that the Court find reasonable hourly rates of $350 for Mr. Sherr and Mr. Gurrieri, and $300 for Mr. Levy. These rates are within the range previously found reasonable for this nature of action in this forum, reflect adjustments for the above-discussed factors, and allow a modest increase over rates previously awarded to these attorneys commensurate with their increased experience.

To determine the reasonableness of the hours, a party seeking an award of attorney's fees must submit contemporaneous time records indicating the hours and the nature of the work done. *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F. Supp. 811, 817 (S.D.N.Y. 1997).

Plaintiff includes herewith on behalf of the Law Office of Justin A. Zeller, P.C., the contemporaneous time records of Plaintiff's counsel. The included description with each entry corresponds to the descriptions in the American Bar Association's Uniform Task-Based Management System, a broadly recognized system of documenting hours. Courts even recommend its use for motions for attorney's fees. *See Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1174 (N.D. Cal. 2004); *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1189 (N.D. Cal. 2004) ("Although the court considers plaintiff's data in the manner presented, the American Bar Association's "Litigation Code Set" provides a more uniform methodology for categorizing requested hours. *See* American Bar Association ("ABA"), Uniform Task-Based Management

System Information, *available at* [http://www.americanbar.org/groups/litigation/resources/uniform_task_based_management_syste m.html]. The ABA template commends itself to parties applying for fee awards."). Similar productions by the plaintiff's counsel of such contemporaneous time records have been found by the Court to be "complete." *Palacios*, 2013 U.S. Dist. LEXIS 112676, at *18–19.

Mr. Sherr's hours in this action are .2; Mr. Gurrieri's, 19.1; and Mr. Levy's, 4.

The 23.3 total hours sought are reasonable, appropriately delegated among the involved attorneys requisite to their experience, and necessary to the litigation of this action. Plaintiff would have been entitled to an attorney's fees award, based on the presumptively reasonable rate, of $7,9555.00.

Additionally, Plaintiff's costs are the $400.00 filing fee. This expense was prepaid by Plaintiff's counsel. Plaintiff includes herewith an enumeration of these costs.

The total of attorney's fees based on the presumptively reasonable rate and costs is $8,355.00. The proposed allocation of $7,066.66 is therefore reasonable. Therefore, the lodestar exceeds the amount collected in this case. Nothing additional is to be paid by Plaintiff to Plaintiff's counsel. Further, the total amount apportioned as attorney's fees is one-third plus costs, and Courts in this Circuit regularly approve fees of one-third plus costs. *See, e.g.*, *Rojas et al. v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *4 (S.D.N.Y. Oct. 10, 2018) (finding attorneys' fees representing one-third of the settlement amount plus costs reasonable); *Marquez v. Roberto's Rest. Corp.*, No. 16 Civ. 2304 (HBP), 2017 WL 5468760, at *3 (S.D.N.Y. November 13, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Gutierrez v. Highridge Bagels, Inc*., No. 17 Civ. 1451 (VLB), 2017 U.S. Dist. LEXIS 90984, at *2 (S.D.N.Y. June 12, 2017) ("[T]he Court finds the attorneys' fees, which are one-third of the recovered amount plus costs, to be fair and reasonable[.]"); *Redzepagic v. Hammer*, No. 14 Civ. 9808 (ER), 2017 WL 1951865, at *2 (S.D.N.Y. May 8, 2017) ("One-third contingency fees ... are commonly accepted in the Second Circuit in FLSA cases.").

In addition, the proposed allocation was negotiated and agreed to between Plaintiff and Plaintiffs' counsel. *See In re Lawrence*, 24 N.Y.3d 320, 339 (2014). Nothing additional is to be paid by Plaintiffs to Plaintiffs' counsel.

## Conclusion

For the foregoing reasons, the parties request the Court approve the Settlement Agreement as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, *supra*, and dismiss this action with prejudice.

Respectfully submitted,

John M. Gurrieri

Enclosures (3)